## FARRER v. ATLAS ACCEPTANCE CORPORATION.

No. 6106.   Decided July 14, 1939.   (92 P. 2d 729.)

*Thomas & Thomas*, of Salt Lake City, for appellant.

*Foote & Dawson*, of Salt Lake City, for respondent.

MOFFAT, Chief Justice.

Respondent sued appellant to recover principal and interest which he alleges he paid on account of money borrowed on an automobile.

The allegations of the complaint, in so far as the contract attacked and upon which respondent seeks to recover the money paid, are:

"That on or about the 12th day of March, 1937, the J. B. Burnham Company, a corporation loaned to the plaintiff [respondent here] and the plaintiff borrowed from the said J. B. Burnham Company, the sum of one hundred and thirty dollars ($130.00); that to secure the repayment of said sum by the plaintiff, the said J. B. Burnham Company with the unlawful intent of receiving and taking a greater sum for the loan of its money than the rate of ten (10) per cent per annum, required plaintiff to and the plaintiff did endorse and deliver to the said J. B. Burnham Company the certificate of title to one Chevrolet Sedan automobile. * * * that at the same time the said J. B. Burnham Company required the plaintiff to and the plaintiff did enter into a conditional sales agreement with the said J. B. Burnham Company whereby the plaintiff agreed to purchase the automobile above described from the J. B. Burnham Company for the sum of one hundred sixty-seven and 28/100 dollars ($167.28) payable in twelve (12) equal monthly instalments of thirteen and 94/100 ($13.94) dollars each, commencing on the 5th day of each succeeding month from the date of said agreement until paid; that at no time was said automobile delivered to the J. B. Burnham Company or to the defendant but at all times herein mentioned has been in possession of plaintiff."

It is then alleged that the plaintiff paid the full sum of one hundred sixty-seven and 28/100 dollars in return for the loan of $130 principal and $37.28 interest, "which is in excess of the ten per cent per annum allowed by law."

Appellant interposed a demurrer to the complaint on the ground of failure to state sufficient facts to constitute a cause of action.

The alleged usurious contract is not set out in the complaint nor made a part thereof by reference. Judgment by default was taken upon the evidence submitted. The contract was not made a part of the evidence either by exhibit or by reading it into the record. In other words, the judgment roll is silent as to anything contained in the contract other than the allegations of the complaint. The findings of the court were in the exact words of the complaint, so that

no aid is furnished by evidence, allegation, finding or admission beyond what is stated in the complaint.

Under the allegations of the complaint and the statutes of Utah the contract is forbidden and all contracts reserving excess interest are void and whoever pays any principal or excess interest upon such contracts may within one year after final payment recover the amount of both principal and interest so paid. Revised Statutes of Utah 1933, 44-0-2, as amended by Chapter 42, Laws of Utah 1935, p. 56 reads:

"The parties to any contract may agree in writing for the payment of interest for the loan or forebearance of any money, goods or things in action, not to exceed, except as otherwise provided by law, ten per cent per annum; provided, that on loans of money only, to the amount of $100 or less, it may be agreed in writing to take or receive as interest on such loan not to exceed $1 for the first month only of such loan, but thereafter no greater interest shall be contracted for, taken or received than is allowed in this section. This proviso shall not be construed to allow or permit the splitting up of transactions for the loan of money into small amounts for the purpose of evading the provisions of this title.

"No contract for the purchase of any goods, wares or merchandise or loan or forebearance of money, shall contain any provision providing for a handling or service charge on any said contract, or any commercial charge on said contract, or any charge whatsoever, which when taken together with the interest charged on said contract for the sale of goods, wares or merchandise, or for the loan or forebearance of money, exceeds ten per cent per annum of the unpaid principal sum of said loan or contract, except; (a) a contract may specifically provide for a service charge, which charge shall not exceed four per cent per annum of the unpaid balance of the said principal sum, such service charge to be applied but once on any transaction and shall not be again applied in case of refunding or renewal of contract between the parties concerned with the original transaction nor shall such service charge be subject to any additional service charge, interest charge or penalty; (b) a reasonable attorney's fee in case of collection by an attorney; and (c) such exceptions as are otherwise provided by law.

"Interest accruing on loans, contracts, forebearance of money, goods, or things in action, under sections 44-0-1 and 44-0-2, Revised Statutes of Utah, 1933, when paid in advance or otherwise shall not exceed the rate of ten per cent per annum."

Revised Statutes of Utah 1933, 44-0-6 and 44-0-7 read:

44-0-6. "All bonds, bills, notes, assurances, conveyances, stocks, pledges, mortgages and deeds of trust, and all other contracts and securities whatsoever, and all deposits of goods or other things whatsoever, whereon or whereby there shall be reserved or taken or secured, any greater sum or greater value for a loan or forbearance of any money, goods or things in action than is above prescribed shall be void.

44-0-7. "Every person, or in the event of his death his personal representatives, who shall pay or deliver any greater sum or value than is allowed by this title to be received for or on any loan or forbearance, or who shall pay the principal or any part thereof of a usurious loan or forbearance, may recover from the person who shall have taken or received the same the amount of money so paid or value delivered, both of principal and interest, provided action is brought within one year after such payment or delivery. If such action is not brought within said one year and prosecuted with diligence, then the superintendent of public instruction may sue for and recover such sums with costs, at any time within three years after said one year, for the use and benefit of the state district school fund, and the sum so collected shall be forthwith paid into said fund."

It is to be observed the complaint does not state where the contract was made nor the domicile of either plaintiff or the J. B. Burnham Company, the assigner of the contract. It is alleged that the interest is in excess of the ten per cent per annum allowed. The allegations of the complaint show the contract to be usurious and void if made in or subject to the laws of Utah or a place where a like law prevails. Where plaintiff resided or now resides or by what law the lending corporation was organized, we are not advised from the complaint or otherwise. It being not only easy but necessary, to bring the cause under Utah law, to allege that the contract was made, or is, subject to the Utah law; and failing in this the complaint fails to state facts sufficient to constitute a cause of action.

The demurrer to the complaint should have been sustained. The cause is remanded to the trial court with directions to sustain the demurrer and to dismiss the action unless plaintiff elects to amend. Appellant to recover costs.

LARSON, McDONOUGH, and PRATT, JJ., concur.

WOLFE, Justice (concurring).

I concur, but I do not conceive that the complaint would have stated a good cause of action had it alleged the domicile of plaintiff or the J. B. Burnham Company. Again, it would have been uncertain as to where the contract was made. Even if it were alleged that the plaintiff and the Burnham Company were both domiciled in Utah, there is nothing from which it can be necessarily implied that the contract was made here.